**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LORI KRISTI HOYLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 4:09-cv-107** |
| | § | |
| **LIBERTY PRESSURE PUMPING, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This is an employment discrimination case.  Plaintiff Kristi Hoyle ("Hoyle") brought this lawsuit against her former employer Liberty Pressure Pumping, L.P. ("Liberty Pressure") alleging sex discrimination, age discrimination, and retaliation.  Hoyle was employed at Liberty Pressure's corporate headquarters in Denton, Texas as an executive assistant from September 27, 2006 to July 3, 2007.  According to Liberty Pressure, Hoyle was terminated because she received poor performance reviews.

In the instant motion, Plaintiff seeks the production of documents and information responsive to her Requests for Production and Interrogatories.  In its response, Defendant argues that it has already provided Plaintiff with all relevant documents within the scope of discovery.  In addition to advancing substantive arguments concerning Plaintiff's motion, Defendant also alleges Plaintiff did not fully comply with the meet and confer requirement of Local Rule CV-7(h).  According to Defendant, Plaintiff's certificate of conference misrepresents the nature of the discussions between the attorneys and several of the items included in Plaintiff's motion to compel were not the subject of any conference.

1

Local Rule CV-7(h) requires that parties meet and confer regarding contested matters in litigation.  The Rule provides in relevant part:

> The substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead trial counsel and any local counsel for the movant and the lead trial counsel and any local counsel for the non-movant.
>
> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve . . . Correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.

LOCAL RULE CV-7(h).  The chief purpose of this rule, is to narrow and limit the issues presented to the court.  Therefore, the failure to meet and confer in good faith concerning each disputed discovery response violates the local rules of practice.  This court will not consider the merits of Plaintiff's motion until it is satisfied the parties have conferred in good faith regarding all remaining discovery disputes.  *See Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08cv286, 2006 WL 3448148, at *2 (E.D. Tex. Oct. 22, 2009) (slip copy) (declining to

consider merits of motion to compel when parties did not comply with requirements of Local Rule CV-7(h)).

Accordingly, Plaintiff's motion to compel (Dkt. 37) is **DENIED**.  Plaintiff has ***10 days from the date of this order*** to comply with the meet and confer requirements of Local Rule CV-7(h).  If, after conferring with opposing counsel regarding the disputed discovery matters, the discussions end conclusively in an impasse, Plaintiff may re-file her motion to compel. Defendant's request for cost and fees associated with its response to Plaintiff's motion is **DENIED**.

Due to the fact that the Plaintiff will need additional time to perhaps refile her motion to compel and then respond to Defendant's motion for summary judgment, the court hereby resets this case for Final Pretrial Conference on July 6, 2010.

**IT IS SO ORDERED.**

**SIGNED this the 19th day of April, 2010.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE